IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TEAMSTERS LOCAL UNION 538,

        Plaintiff,

CASE NO. 2:21-cv-1744

v.

PASSAVANT RETIREMENT AND
HEALTH CENTER,

        Defendant,

## COMPLAINT FOR INJUNCTION

AND NOW comes Teamsters Local Union 538, by and through their attorney, Anthony DeLuca, Esquire, and files the following Complaint for Injunction:

### JURISDICTION

1. The court has jurisdiction over this controversy pursuant to 28 U.S.C. §1331 and 5 U.S.C. §702 as the controversy involves a federal question.

### PARTIES

2. Plaintiff is a local labor union of the International Brotherhood of Teamsters with its principal office located at RR 1 County Line Road, Worthington, PA 16262.

3. Plaintiff is the legally constituted bargaining unit for the Certified Nursing Assistants (herein after "CNA's") employed at New Haven Court of Passavant Retirement and Health Center located at 100 New Haven Lane, Butler, PA 16001.

4. Passavant Retirement and Health Center is the employer of the CNA's employed at New Haven Court.

5. Passavant Retirement and Health Center is the business entity that operates New Haven Court.

6. Passavant Retirement and Health Center's principal office is located at 105 Burgess Drive, Zelienople, Pennsylvania, 16063.

7. Passavant Retirement and Health Center is an independent corporate entity functioning under the umbrella organization of "Lutheran SeniorLife".

8. Passavant Retirement and Health Center receives both Medicare and Medicaid money.

9. At all times material hereto, the Defendant acted through its authorized employees acting within the course and scope of their employment.

## FACTS

10. On November 5, 2021 the occupational Health and Safety Administration (herein after "OSHA") published its Emergency Temporary Standard (ETS) on COVID-19 Vaccination and Testing for private sector workers. *See* COVID-19 Vaccination and Testing; Emergency Temporary Standard, 86 Fed. Reg. 61,402 (Nov. 5, 2021) (to be codified at 29 C.F.R. pts. 1910, 1915, 1917, 1918, 1926, and 1928).

11. On or about November 12, 2021 Lutheran Senior Life, sent to all the employees of the facilities functioning under its umbrella, including the CNA's working at New Haven Court, a letter stating, *inter alia,* that it is implementing the Covid Vaccine requirements imposed by OSHA, when OSHA published its November 5, 2021 Emergency Temporary Standard (ETS) on COVID-19 Vaccination and Testing for private sector workers. Attached hereto and Marked Exhibit "A" is a copy of said letter.

12. The letter points out that the OSHA Emergency Temporary Standard (ETS) on COVID-19 Vaccination and Testing applied to Defendant and Defendant's employees.

13. The letter states that

> …we [Lutheran Senior Life] are required under this federal mandate require all employees and other partners, as appropriate, to be fully vaccinated to work at Lutheran SeniorLife. [emphasis added]

14. At the filing of this Complaint, OSHA has suspended the vaccine/testing mandate due to court challenges.

15. Further, currently pending before the U.S. Circuit Courts are cases challenging the enforceability of an OSHA regulation mandating private employer vaccination or testing, and the outcome of those cases will likely impact the interpretation of the above referenced Medicare/ Medicaid regulation.

16. Although the OSHA mandate has been suspended, Defendant has maintained a vaccine mandate, however, now Defendant justifies its vaccine mandate by relying on a Medicare/ Medicaid Interim Final Rule, instead of the OSHA rule, which Medicare/ Medicaid Interim Final Rule rule became effective on November 5, 2021, 42 CFR 416.51, *et seq.*

17. The regulation states that any provider of certain services, which would include the services provided by Defendant, must require its employees receive at least one dose of a Covid Vaccine by December 5, 2021.

18. The regulation reads, in pertinent part:

> Provider [employer]…compliance with the Federal rules issued under these statutory authorities are mandatory for participation in the Medicare and Medicaid programs.

19. The above regulation is unenforceable because Medicare/Medicaid has no legal authority to issue such a significant rule without first receiving explicit legislative authority to do so, and no such explicit legislative authority has been granted with respect to the regulation under discussion in this case.

20. The U.S. District Court for the state of Missouri on November 29, 2021 issued a decision and order staying enforcement of the regulation that Defendant relies upon.  Attached hereto and Marked Exhibit B is a copy of the Decision and Order which reasoning is adopted by reference in this Complaint.

21. Additionally, the U.S. District Court for the Western District of Louisiana issued a decision and order staying enforcement nationwide of the regulation Defendant relies upon in *Louisiana v. Becerra*, et al., 21-CV-3970.

22. Passavant Retirement and Health Center participates in the Medicare and Medicaid programs.

23. If the Medicare/ Medicaid regulation is found to be unenforceable, then the manner in which Defendant chooses to deal with Covid-19 is subject to negotiation with the Plaintiff union.

24. Given the current state of the law with respect to OSHA's Emergency Temporary Standard (ETS) on COVID-19 Vaccination and Testing, and the current state of the law with respect to the Medicare/Medicaid regulation, the Defendant should be barred from implementing a work rule requiring vaccinations.

25. While the CNA's working for Defendant wish to retain their employment, the vast majority of the CNA's do not want to receive the vaccine.

26. Failure to enjoin the Defendant from enforcing the Medicare/Medicaid regulation will cause the CNA's working at New Haven Court, all of whom are members of Teamsters Local Union 538, irreparable harm.

27. There is no adequate remedy at law that would prevent the Defendant from dismissing the Plaintiff's members based on the employee's failing to get a Covid-19 vaccination.

WHEREFORE, Plaintiff requests this Honorable Court enter an Order prevented the Defendant from implementing a policy mandating vaccination based upon the Medicare/Medicaid regulation.

Respectfully submitted,

By: s/ R. Anthony DeLuca, Esquire
Pa. I.D. No. 80751
225 Ross Street, 4th Floor
Pittsburgh, PA 15219
(412) 281-6869
Anthony@drklawyers.com