IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TEAMSTERS LOCAL UNION 538,

    Plaintiff,

v.

PASSAVANT RETIREMENT AND HEALTH CENTER,

    Defendant,

## MOTION FOR PRELIMINARY INJUNCTION

AND NOW comes TEAMSTERS LOCAL UNION 538, by and through their attorney, Anthony DeLuca, Esquire, pursuant to Federal Rule of Civil Procedure 65, files the following Motion for a Preliminary Injunction:

1. Plaintiff is the legally constituted representative of the bargaining unit for the CNA's working at New Haven Court of Passavant Retirement and Health Center facilities.

2. All the CNA's working at New Haven Court are members of Teamsters Local Union 538.

3. On or about November 12, 2021, Lutheran SeniorLife, the umbrella organization over Passavant Retirement and Health Center, sent to all its employees of the entities functioning under Lutheran SeniorLife's umbrella, including the CNA's working at New Haven Court, a letter stating, *inter alia*, that it is implementing the Covid Vaccine requirements imposed by OSHA, when OSHA published its November 5, 2021 Emergency Temporary Standard (ETS) on COVID-19 Vaccination and Testing for private sector workers.

4. The letter states that

> …we [Lutheran Senior Life] are required under this federal mandate to require all employees and other partners, as appropriate, to be fully vaccinated to work at Lutheran SeniorLife.

5. The letter further states that the employee must be fully vaccinated by January 3, 2022 or face suspension and ultimate dismissal.

6. At the filing of this Complaint, OSHA has suspended the vaccine/testing mandate due to court challenges.

7. Further, currently pending before the U.S. Circuit Courts are cases challenging the constitutionality of an OSHA regulation mandating private employer vaccination or testing, and the outcome of those cases will likely impact the interpretation of the above referenced Medicare/ Medicaid regulation.

8. Although the OSHA mandate has been suspended, Defendant has maintained a vaccine mandate, however, now Defendant justifies its vaccine mandate by relying on a Medicare/ Medicaid Interim Final Rule, instead of the OSHA rule, which rule became effective on November 5, 2021, 42 CFR 416.51, *et seq.*

9. The regulation states that any provider of certain services who receive Medicare/Medicaid Funds, which would include the services provided by Defendant, must require its employees receive at least one dose of a Covid Vaccine by December 5, 2021.

10. The regulation reads, in pertinent part:

> Provider [employer]…compliance with the Federal rules issued under these statutory authorities are mandatory for participation in the Medicare and Medicaid programs.

1.	The above regulation is unenforceable because Medicare/Medicaid has no legal authority to issue such a significant rule without first receiving explicit legislative authority to do so, and no such explicit legislative authority has been granted with respect to the regulation under discussion in this case.

2.	The U.S. District Court for the state of Missouri on November 29, 2021 issued a decision and order staying enforcement of the regulation that Defendant relies upon. Attached hereto and Marked Exhibit A is a copy of the Decision and Order which reasoning is adopted by reference in this Motion.

3.	If the Medicare/ Medicaid regulation is found to be unenforceable, then the manner in which Defendant chooses to deal with Covid-19 is subject to negotiation with the Plaintiff union.

4.	Given the current state of the law with respect to OSHA's Emergency Temporary Standard (ETS) on COVID-19 Vaccination and Testing, and the current state of the law with respect to the the Medicare/Medicaid regulation, the Defendant should be barred from implementing a work rule requiring vaccinations.

5.	While the CNA's working for Defendant wish to retain their employment, the vast majority of the CNA's do not want to receive the vaccine.

6.	Failure to enjoin the Defendant from enforcing the Medicare/Medicaid regulation will cause the CNA's working at New Haven Court, all of whom are members of Teamsters Local Union 538, irreparable harm.

7.	Failure to enjoin the Defendant from enforcing the Medicare/Medicaid regulation will result in the Defendant avoiding its responsibility to negotiate with the Union regarding a condition of employment.

8. It is likely the Motioner would prevail at trial and the public interest is implicated in the issues raised by this Motion.

WHEREFORE, Plaintiff requests this Honorable Court enter an Order enjoining the Defendant from implementing a policy based upon the Medicare/Medicaid regulation, until such time as it has finally been determined that the regulation is enforceable.

Respectfully submitted,

By: s/R. Anthony DeLuca, Esquire
Pa. I.D. No. 80751
225 Ross Street, 4th Floor
Pittsburgh, PA 15219
(412) 281-6869
Anthony@drklawyers.com